**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JACQUELINE NOLAN, by and through her guardian JOHN W. CALLINAN, | |
| Plaintiff, | Civil Action No. 22-4860 (MAS) (RLS) |
| v. | **MEMORANDUM OPINION** |
| JENNIFER LANGER JACOBS, *et al.*, | |
| Defendants. | |

**SHIPP, District Judge**

  This matter comes before the Court on two motions: Defendants Jennifer Jacobs and Sarah Adelman's ("Defendants") Motion to Dismiss (ECF No. 12) Plaintiff Jacqueline Nolan's ("Plaintiff"), by her guardian John W. Callinan ("Mr. Callinan"), Complaint (ECF No. 1) and Plaintiff's Motion for Preliminary Injunction (ECF No. 4). Plaintiff opposed the Motion to Dismiss (ECF No. 14), and Defendants replied (ECF No. 18). Defendants opposed the Motion for Preliminary Injunction in conjunction with their Motion to Dismiss (ECF No. 12). Both parties submitted additional correspondence related to the pending motions. (ECF Nos. 16, 19.) The Court has carefully considered the parties' submissions and decides the motions without oral argument under Local Civil Rule 78.1. For the reasons below, the Court grants Defendants' Motion to Dismiss and denies Plaintiff's Motion for Preliminary Injunction as moot.

I.  **BACKGROUND**

This case originates with the State of New Jersey's (the "State") decision—through its agent, the Monmouth County Division of Social Services—to deny Plaintiff's application for Medicaid benefits. (Pl.'s Mot. for Prelim. Inj. 8, ECF No. 4-1.)

A.  **Plaintiff's Application for Medicaid Benefits**

Plaintiff resides at Care One at Wall, a skilled nursing facility in Wall Township, Monmouth County, New Jersey. (Compl. Parties ¶ 4.) Plaintiff sought Medicaid benefits to pay for her residency in the facility. (*Id.* Facts ¶ 18.) Defendants denied Plaintiff's Medicaid application because she failed to provide financial information for her husband, John Nolan ("Nolan"). (*Id.* Facts ¶ 15.) Plaintiff has suffered from mental illness most of her life, and as a result, is estranged from Nolan. (*Id.* Facts ¶¶ 6-8.)

Mr. Callinan, a licensed attorney in New Jersey, was appointed as Plaintiff's guardian because Nolan refused to cooperate with the nursing facility regarding Plaintiff's application for Medicaid benefits. (*Id.* ¶¶ 9, 16.) After his appointment, Mr. Callinan assigned Plaintiff's right to support from Nolan to the State, in accordance with the requirements of 42 U.S.C. § 1396r-5(c)(3). (*Id.* ¶ 10.) Mr. Callinan made this assignment to keep Nolan's resources from being counted against Plaintiff's eligibility for Medicaid benefits. (*Id.* ¶ 12.) Defendants denied Plaintiff's application two more times despite this assignment. (*Id.* ¶ 15; Pl.'s Opp'n Br. 3, ECF No. 14; Pl.'s Letter, ECF No. 16.)

B.  **Procedural Posture**

Following the denial of the Medicaid application, Plaintiff requested a hearing, and the matter was transmitted to the Office of Administrative Law on July 8, 2022. (Defs.' Moving Br. 1, ECF No. 12-1.) A hearing was scheduled for August 3, 2022 but at the request of Plaintiff, was rescheduled for February 2023. (*Id.* at 6.) On August 2, 2022, Plaintiff filed a Complaint with this

Court (ECF No. 1) and filed a Motion for Preliminary Injunction on August 8, 2022 (ECF No. 4). Plaintiff sued Defendants in their capacity as State officials responsible for the oversight of the State's Medicaid program. (Compl. Parties ¶¶ 5-6.)

Plaintiff alleges Defendants failed to honor Plaintiff's assignment of benefits pursuant to 42 U.S.C. § 1396r-5(c)(3), which is enforceable under 42 U.S.C. § 1983. (*Id.* Facts ¶ 15.) Specifically, Plaintiff alleges that Defendants' denial of her application for Medicaid benefits on the grounds that they do not have financial information for Nolan violates this "spousal refusal" statute. (*Id.* ¶¶ 11-12, 15.) In a Motion for Preliminary Injunction, Plaintiff asks the Court to enjoin Defendants and their agents from: (1) "failing to recognize [P]laintiff's assignment of her right of spousal refusal to the state of New Jersey" (*id.* Judgment ¶ 1; Pl.'s Mot. for Prelim. Inj. 11); and (2) continuing to require Plaintiff to provide financial information for her estranged spouse, 42 U.S.C. § 1396r-5(c)(2) (Pl.'s Mot. for Prelim. Inj. 11).

Defendants opposed Plaintiff's Motion and simultaneously filed a Motion to Dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).[1] (ECF No. 12.) Defendants raise four theories in support of their Motion: (1) *Younger* abstention; (2) sovereign immunity under the Eleventh Amendment; (3) the inappropriateness of injunctive relief; and (4) failure to exhaust. (*See generally* Defs.' Moving Br.) Plaintiff opposed (ECF No. 14), and Defendants replied (ECF No. 18). The parties submitted supplemental briefing addressing both motions. (ECF Nos. 16, 19.)

## II.   LEGAL STANDARD

### A.   Rule 12(b)(1)

A motion to dismiss under Rule 12(b)(1) must be granted if a court lacks subject-matter jurisdiction over a claim. *In re Schering Plough Corp. Intron/Temodar Consumer Class Action*,

---

[1] All references to a "Rule" or "Rules" hereinafter refer to the Federal Rules of Civil Procedure.

678 F.3d 235, 243 (3d Cir. 2012). A Rule 12(b)(1) motion "may be treated as either a facial or factual challenge to the court's subject matter jurisdiction." *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000) (citation omitted). "A facial attack concerns an alleged pleading deficiency whereas a factual attack concerns the actual failure of [a plaintiff's] claims to comport [factually] with the jurisdictional prerequisites." *Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) (alterations in original) (internal quotations and citation omitted).

When reviewing a facial challenge, the court must "accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff." *In re Kaiser Grp. Int'l Inc.*, 399 F.3d 558, 561 (3d Cir. 2005) (citation omitted). On the other hand, when reviewing a factual challenge, the court may "consider evidence outside the pleadings" and "no presumptive truthfulness attaches to [the] plaintiff's allegations." *Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016) (citations omitted).

**B.    Rule 12(b)(6)**

Rule 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

A district court conducts a three-part analysis when considering a motion to dismiss pursuant to Rule 12(b)(6). *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Second, the court must accept as true all of the plaintiff's well-pleaded factual allegations and construe the complaint in the light most favorable to the plaintiff. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). The court, however, may ignore legal conclusions or factually unsupported accusations that merely

4

state "the-defendant-unlawfully-harmed-me." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Finally, the court must determine whether "the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679). A facially plausible claim "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 210 (quoting *Iqbal*, 556 U.S. at 678). On a Rule 12(b)(6) motion, the "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

### III. DISCUSSION

#### A. Sovereign Immunity

As a preliminary matter, the Court notes that Defendants fail to specify on what basis the Court should dismiss Plaintiff's Complaint under Rule 12(b)(1). The Court presumes, however, that Defendants raise this issue in conjunction with their argument for sovereign immunity under the Eleventh Amendment. (*See* Defs.' Moving Br. 9-10); *see also Wilson v. N.J. Dep't of Corr.*, No. 16-7915, 2017 WL 4618156, at *2 (D.N.J. Oct. 13, 2017) (holding that "Eleventh Amendment immunity presents a question that falls within the scope of a 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction"). Thus, the Court will begin by addressing whether this case is properly before it.

The Eleventh Amendment has been "interpreted to render states—and, by extension, state agencies and departments and officials when the state is the real party in interest—generally immune from suit by private parties in federal court." *Pa. Fed'n of Sportsmen's Clubs, Inc. v. Hess*, 297 F.3d 310, 323 (3d Cir. 2002). Eleventh Amendment immunity "is, however, subject to three primary exceptions: (1) congressional abrogation, (2) waiver by the state, and (3) suits against individual state officers for prospective injunctive and declaratory relief to end an ongoing

violation of federal law." *Id.* No waiver by the State exists in this case, so the third exception is the only one that could apply here. Under the familiar framework first announced in *Ex parte Young*, 209 U.S. 123 (1908), and its progeny, a "private plaintiff may sue state officials for prospective injunctive relief to end ongoing violations of federal law." *Williams ex rel. Bookbinder v. Connolly*, 734 F. App'x 813, 816 (3d Cir. 2018) (citing *Christ the King Manor, Inc. v. Sec'y U.S. Dep't of Health & Human Servs.*, 730 F.3d 291, 318 (3d Cir. 2013)). Thus, the inquiry turns on whether a plaintiff "seeks relief properly characterized as prospective." *Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002) (quoting *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 296 (1997)). Both parties agree that retroactive relief is barred under the Eleventh Amendment. (Pl.'s Opp'n Br. 4-6; Defs.' Moving Br. 9-10.)

Plaintiff seeks to enjoin Defendants from enforcing an alleged policy requiring the resources held by both Plaintiff and Nolan to be considered available to Plaintiff at the time of Plaintiff's initial Medicaid eligibility determination. (Mot. for Prelim. Inj. 9; 42 U.S.C. § 1396r-5(c)(2).) As part of this claim, Plaintiff argues that, were the Court to grant relief and allow for Plaintiff's Medicaid benefits to begin immediately absent the currently-imposed requirement of Nolan's financial information, she would also be entitled to three months of Medicaid benefits prior to the issuance of any court order pursuant to 42 U.S.C. § 1396a(a)(34). (*Id.* at 9-10.) In addition, Plaintiff asks this Court to essentially require Defendants to recognize her assignment of her right to spousal support to the State. (*Id.* at 11.) In Plaintiff's view, "[t]he Eleventh Amendment does not prevent a person from suing a state official in her individual official capacity for prospective injunctive relief." (Pl.'s Opp'n Br. 4 (citing *Ex parte Young*, 209 U.S. at 123).) In asking the Court to enjoin Defendants as requested, Plaintiff seeks to begin her entitlements under the Medicaid program notwithstanding the State's previous requirement of the

6

disclosure of Nolan's financial information. Further, any entitlements paid to Plaintiff would be out of the State treasury. *See Radogna v. Connelly*, No. 16-5477, 2018 WL 4089026, at *6 (D.N.J. Aug. 24, 2018) (The payment of withheld Medicaid benefits "would necessarily be derived from the State treasury.").

The Court finds that the relief Plaintiff seeks in her Complaint is retroactive in nature and does not fall under the *Ex parte Young* exception. Thus, Plaintiff's claims are barred under the Eleventh Amendment. As explained by the Third Circuit in affirming a district court's grant of a motion to dismiss in similar circumstances,

> [the plaintiff] seeks declaratory and injunctive relief regarding [d]efendants' interpretation of the caregiver child exemption and, in particular, injunctive relief requiring [d]efendants to reevaluate her Medicaid application and find her eligible for benefits without a transfer penalty. That would mean awarding her Medicaid benefits that were withheld as a result of the imposition of transfer penalties, and those benefits would be paid out of State funds. The Eleventh Amendment bars this type of retroactive relief against the State.

*Williams*, 734 F. App'x at 816 (citing *Edelman*, 415 U.S. at 664); *see also Radogna*, 2018 WL 4089026, at *5 ("The district court's explanation in *Williams* is helpful in showing the distinction between the kind of prospective injunctive relief contemplated by *Ex parte Young* and the relief requested in this [42 U.S.C. § 1396r-5] case."). Put differently, Plaintiff asks the Court to order the State to pay money going forward based on the State's past action—namely, the State's requirement of Nolan's financial information and the State's failure to recognize Plaintiff's assignment of her right of spousal support to the State. Plaintiff challenges the State's decisions rendered on June 24, 2022 (Compl. Facts ¶ 14) and October 3, 2022 (Pl.'s Letter)—the dates on which Defendants denied her Medicaid application.[2] Indeed, although the State's decisions still

---

[2] Plaintiff asserts that Defendants have denied her Medicaid application three times (Pl.'s Opp'n Br. 3). The Court, however, only sees two denial dates in the briefing.

7

impact Plaintiff, the challenged action is "no longer in-progress," and "[t]he Eleventh Amendment 'does not permit judgments against state officers declaring that they violated federal law in the past.'" *Williams*, 2017 WL 5479508, at *9 (quoting *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993)), *aff'd sub nom. Williams*, 734 F. App'x 813 (3d Cir. 2018).

Thus, "the only way to characterize Plaintiff's request to enjoin [a prior Medicaid determination] is as a request to reverse the [denial] itself, which is, as noted, retroactive relief that will directly affect the state treasury." *Id.* at *10. Plaintiff's attempt to characterize the denial of benefits as an ongoing violation of federal law does not change the nature of her challenge. Thus, while Plaintiff cloaks her claim as seeking prospective relief, she, in fact, demands the State pay withheld Medicaid benefits derived from the State treasury. *Radogna*, 2018 WL 4089026, at *6.

Because the Court finds Plaintiff's claims are barred by the Eleventh Amendment, it need not address Defendants' alternative theories supporting their Motion.

### B. Plaintiff's Motion for Preliminary Injunction

Plaintiff moved for a preliminary injunction on August 10, 2022. (ECF No. 4.) Considering the Court's finding that Plaintiff's claims are barred by the Eleventh Amendment, the Court hereby denies Plaintiff's Motion for Preliminary Injunction as moot.

### IV. CONCLUSION

For the reasons above, the Court grants Defendants' Motion to Dismiss and denies Plaintiff's Motion for Preliminary Injunction as moot. The Court will issue an appropriate order.

*/s/ Michael A. Shipp*
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**